IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PRINCE SAYON LENARD SCOTT, | ) | |
| AIS #279776, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-238-WHA-WC |
| | ) | |
| WARDEN MYERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff, a state inmate, filed this 42 U.S.C. § 1983 action alleging defamation

of character and challenging his limited ability to socialize with all inmates at the Easterling

Correctional Facility.  Doc. 1 at 3.  Although the plaintiff submitted an original affidavit in

support of a motion for leave to proceed *in forma pauperis*, he did not file the financial

documentation from the inmate account clerk at Easterling regarding the average monthly

deposits and average monthly balance in his inmate account for the six-month period prior

to filing this case.  Thus, the documents filed by the plaintiff failed to provide the court

with the information necessary for a determination of whether he should be allowed to

proceed *in forma pauperis* without prepayment of a filing fee in this cause of action.

Based on the foregoing, the court entered an order requiring the plaintiff to "file a

prison account statement from the inmate account clerk at Easterling showing the average

monthly balance in his prison account for the 6-month period immediately preceding the

filing of this complaint and the average monthly deposits to [this] account during the past

six months."  Doc. 3 at 1.  The order specifically cautioned the plaintiff "that if he fails to

comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed for such failure." Doc. 3 at 1–2. The time for the plaintiff to file a response to this order expired on May 5, 2020. Doc. 3 at 1.

As of the present date, the plaintiff has failed to file the requisite financial information as directed by the order of this court. Absent either pre-payment of the applicable fees or the granting of *in forma pauperis* status, this case cannot proceed before this court. The undersigned therefore concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for the plaintiff's failure to file necessary financial information as ordered by this court.

On or before **July 13, 2020**, the plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 29th day of June, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE